WENTWORTH, Judge.
Appellant seeks review of a summary final judgment by which it was determined that appellant is not entitled to terminal pay for accumulated sick leave upon retirement. We find that the facts establish that appellant has satisfied the necessary requirements for such terminal pay under appellee’s retirement policy. We therefore reverse the order appealed.
Appellant sought a declaratory judgment to establish her entitlement to terminal pay for accumulated sick leave upon retiring after six years of employment with appel-lee Bay County School Board. She asserted that she had previously been employed by the Dade County School Board for over ten years, and retired in Bay County under the current retirement criteria of the Florida Division of Retirement of the Department of Administration. Referring to Bay County School Board Policy No. 6.13(D)(2)(b), appellant quoted from that provision:
Terminal pay for accumulated sick leave shall be paid to the employee if the employee retires under the then current retirement criteria of the Florida Division of Retirement of the Department of Administration. ...
However, such terminal pay shall apply only to accumulated sick leave earned in Bay County.
Appellant alleged that she retired with accumulated sick leave which was earned in Bay County, for which appellee had denied her request for terminal pay.
Appellee admitted all of appellant’s allegations, but submitted an affidavit of its personnel director expressing appellee’s “understanding” that Policy No. 6.13(D)(2)(b) authorizes terminal pay for accumulated sick leave only after ten years of employment in the Bay County school system. The court denied a motion for summary judgment filed by appellant, agreeing with appellee that eligibility for terminal sick leave pay requires ten years of employment in Bay County. The court thereafter entered a summary final judgment for appellee.
Regardless of appellee’s understanding as to the proper application of its retirement policy, the policy must be construed in a manner consistent with the plain meaning apparent from the unambiguous policy language. Cf., St. Petersburg Bank & Trust Co. v. Hamm, 414 So.2d 1071 (Fla.1982). The pertinent language relating to terminal sick leave pay does not specify *158 any minimum term of employment in Bay County. While eligibility is conditioned upon retirement pursuant to current criteria of the Florida Division of Retirement, appellee has conceded that appellant meets this standard.
On appeal appellee has furnished this court with additional policy language relating to the computational methodology for establishing the maximum amount of terminal pay allowed. While the computational methodology addresses retirement after ten years of employment, it does not specifically limit such employment to Bay County. Ten years of creditable service, not limited by county, is one of the retirement criteria of the Florida Division of Retirement. See Rule 22B-4.003(1)b1, F.A.C. The furnished computational methodology is consistent with this retirement criteria, and does not impose any further requirement as to the length of employment in Bay County. Appellant is thus entitled under the policy to terminal pay for the accumulated sick leave she earned in Bay County.
The order appealed is reversed, and the cause remanded with directions that judgment be entered for appellant.
THOMPSON and WIGGINTON, JJ., concur.